This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 33,874**

**MARTIN ELEBARIO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1} Defendant has appealed from convictions for DWI and failure to maintain lane. We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Because the pertinent background information and applicable principles have previously been set out at length, we will avoid unnecessary repetition here and instead focus on the content of the memorandum in opposition.

{3} By his first issue, Defendant renews his challenge to the sufficiency of the evidence to support his conviction for failure to maintain lane. [MIO 5-9] *See generally* NMSA 1978, § 66-7-317(A) (1978) ("[A] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety[.]"). However, the officer's testimony that he observed Defendant repeatedly swerve out of his lane of traffic supplies an adequate basis for the conviction. [MIO 3] Insofar as the pertinent provision requires vehicles to be driven "entirely within a single lane," *id.*, Defendant's repeated swerving outside the lane clearly constitutes a violation. Although Defendant suggests that the statutory language that requires drivers to maintain their lanes "as nearly as practicable" accommodates "drifting," [MIO 6-7] on the record before us there is no basis for concluding that circumstances or conditions in existence at the time rendered it impracticable for Defendant to maintain

2

his lane. We are similarly unpersuaded that the absence of adverse impact upon other motorists, such as side-swiping or collision, renders Section 66-7-317(A) inapplicable. [MIO 7-8] The language requiring lane movements to be made only after ascertaining that such movements can be made with safety is broad enough to encompass situations such as this, where the officer's vehicle was situated directly behind Defendant's vehicle at the time. [RP 109] *See, e.g., State v. Salas*, 2014-NMCA-043, ¶¶ 13-14, 321 P.3d 965 (observing that an officer driving behind a defendant who crossed the lane lines was affected by the movements of the defendant's vehicle, such that Section 66-7-317(A) applied). Finally, although Defendant suggests that *Salas* is inapposite insofar as it dealt with a question of reasonable suspicion as opposed to evidentiary sufficiency, the reasoning therein is highly persuasive, and supplies clear support for the ultimate result in this case. *See Salas*, 2014-NMCA-043, ¶ 16 ("It is reasonably likely that had [the d]efendant been cited for violating both lane-change and turn-related traffic offenses, he could have been convicted of the offenses."). We therefore reject Defendant's first assertion of error.

{4}     Second, Defendant renews his challenge to the sufficiency of the evidence to support his conviction for DWI. [MIO 9-14] As we previously observed, the evidence that Defendant displayed numerous indicia of intoxication supplies ample support for the conviction. [DS 3-6, 8-11] *See, e.g., State v. Christmas*, 2002-NMCA-020, ¶¶ 3-6, 18, 29, 131 N.M. 591, 40 P.3d 1035 (holding that similar evidence was sufficient to

support a DWI conviction under either the per se or the impaired-to-the-slightest-degree provisions). In his memorandum in opposition Defendant focuses on the limited probative value of some of the evidence, particularly relative to the field sobriety testing, as well as countervailing inferences that might have been drawn. [MIO 9-14] "However, as a reviewing court, we do not reweigh the evidence or attempt to draw alternative inferences from the evidence." *State v. Estrada*, 2001-NMCA-034, ¶ 41, 130 N.M. 358, 24 P.3d 793; *see also State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 (observing that "the evidence is not to be reviewed with a divide-and-conquer mentality . . . [ and w]e do not reweigh the evidence or substitute our judgment for that of the jury"). We therefore remain unpersuaded by Defendant's assertion of error.

{5}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**




**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**


_____

**MICHAEL E. VIGIL, Judge**